# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT COVINGTON

| | | |
|---|---|---|
| MARIO KIRKENDALL | : | Case No. |
| | : | |
| Plaintiff, | : | Judge _____ |
| | : | |
| v. | : | |
| | : | |
| BOONE COUNTY BOARD OF EDUCATION | : | **COMPLAINT WITH JURY DEMAND** |
| 8330 US Highway 42 | : | **ENDORSED HEREON** |
| Florence, KY 41042 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1. Plaintiff Mario Kirkendall was a resident and citizen of the State of Ohio during his employment with Defendant and currently resides in Georgia.

2. Defendant Boone County Board of Education is a school district that conducts business in the Commonwealth of Kentucky.

3. Defendant is an employer within the meaning of federal and Kentucky law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds the jurisdictional minimum.

5. This Court has personal jurisdiction over Defendant in this matter because Defendant transacts business in this Division and District.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Venue is proper in this in this Division and District because Plaintiff was employed in this Division and District and a substantial part of the events giving rise to Plaintiff's claims occurred in this Division and District.

## FACTUAL ALLEGATIONS

8. Plaintiff Kirkendall was hired by Defendant in 2019.

9. He entered into a "Limited Contract of Employment" on July 24, 2019 for the 2019-2020 school year and again on July 1, 2020 for the 2020-2021 school year. (Attached as Ex. A).

10. Plaintiff was hired as the Athletic Director. Plaintiff was also paid as a teacher whose classes included Lunchroom Duty and In School Suspension.

11. Plaintiff's day to day work consisted of primarily his tasks as Athletic Director.

12. During his employment, Plaintiff was subjected to racially discriminatory comments.

13. In September of 2020 Plaintiff requested and obtained intermittent leave under the Family and Medical Leave Act due to the COVID-19 pandemic and a need to care for his young children while his wife was considered an essential worker as a nurse at Cincinnati Children's Medical Center.

14. Plaintiff continued to perform Athletic Director duties.

15. Plaintiff kept Defendant apprised of changes in his spouse's schedule.

16. Plaintiff was not paid correctly while on leave.

17. Additionally, Defendant counted days as FMLA that should not have been counted because the school was shut down for a period of time in late November/early December.

18. When Plaintiff attempted to resume his regular work schedule in mid-December of 2020, Defendant began treating him differently, questioning his work and requiring significant changes in his schedule and duties.

19. For example, without any legitimate reason Defendant changed Plaintiff's start time to several hours earlier than prior, even though Defendant was aware of caregiver responsibilities which made such a change unworkable for Plaintiff.

20. Defendant also required Plaintiff to take on three new classes daily.

21. Plaintiff asked why his schedule and duties were being changed when others who had availed themselves of the COVID-19 related leave or other FMLA leaves were not subjected to the same changes.

22. Plaintiff also complained of racism.

23. Instead of conducting an interactive dialog, Defendant terminated Plaintiff allegedly for insubordination effective January 29, 2021.

24. He was replaced by a less qualified Caucasian male.

## COUNT I

**(FMLA Interference/Retaliation)**

25. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

26. Plaintiff exercised his rights by requesting and using FMLA leave.

27. Defendant interfered with Plaintiff's FMLA rights.

28. Defendant terminated Plaintiff's employment in retaliation for Plaintiff exercising his FMLA rights.

29. Defendant's actions constitute willful violations of the FMLA.

30. As a direct and proximate result of Defendant's willful violation of the FMLA, Plaintiff has suffered damages and is entitled to relief.

## COUNT II

### (Race Discrimination – Title VII)

31. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

32. Plaintiff is African-American.

33. Plaintiff was fully qualified for his position at all relevant times.

34. Defendant's acts in discriminating against Plaintiff include, but are not limited to, treating him less favorably than similarly situated Caucasian employees and terminating his employment because of his race.

35. Defendant's actions were willful, wanton, and malicious in nature.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT III

### (Race Discrimination – K.R.S. 344.040)

37. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38. Plaintiff is African-American.

39. Plaintiff was fully qualified for his position at all relevant times.

40. Defendant's acts in discriminating against Plaintiff include, but are not limited to, treating him less favorably than similarly situated Caucasian employees and terminating his employment because of his race.

41. Defendant's actions were willful, wanton, and malicious in nature.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT IV

### (Retaliation – Title VII)

43. Plaintiff restates the foregoing paragraphs as if fully rewritten herein.

44. Plaintiff made complaints protected by Title VII.

45. Defendant's acts in retaliating against Plaintiff because of his protected complaints include, but are not limited to, treating him less favorably than employees who did not make protected complaints, changing job requirements and terminating his employment, in violation of Title VII.

46. Defendant's actions were willful, wanton, and malicious in nature.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT V

### (Retaliation – K.R.S. 344.280)

48. Plaintiff restates the foregoing paragraphs as if fully rewritten herein.

49. Plaintiff made complaints protected by K.R.S. 344.280.

50. Defendant's acts in retaliating against Plaintiff because of his protected complaints include, but are not limited to, treating him less favorably than employees who did not make protected complaints, changing job requirements and terminating his employment, in violation of K.R.S. 344.280.

51. Defendant's actions were willful, wanton, and malicious in nature.

52. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT VI

**(Breach of Contract)**

53. Plaintiff hereby realleges the foregoing paragraphs as if fully rewritten herein.

54. Plaintiff has fully complied with all terms of the agreements with Defendant.

55. Defendant breached the agreement by changing job duties and terminating Plaintiff's employment.

56. Defendant's actions were intentional, wanton, willful, malicious, and/or in reckless disregard of Plaintiff's rights.

57. As a result of Defendant's breach, Plaintiff has suffered damages for which he is entitled to relief.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

    b) That Plaintiff be awarded all lost pay and benefits as a result of Defendant's actions;

    c) That Plaintiff be awarded front pay and benefits as a result of Defendant's actions;

    d) That Plaintiff be awarded liquidated damages as a result of Defendant's actions;

    e) That Plaintiff be awarded punitive damages;

|   |   |   |
|---|---|---|
| f) | | That Plaintiff be awarded pre-judgment and post-judgment interest as a result of Defendant's actions; |
| g) | | That Plaintiff be awarded reasonable attorney's fees and costs from Defendant; |
| h) | | That plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years; and |
| i) | | That Plaintiff be awarded all other legal and equitable relief to which he may be entitled. |

Respectfully Submitted,

/s/
Kelly Mulloy Myers (KY Bar #83452)
Jon B. Allison Seeking *Pro Hac Vice*
Admission (OH Bar No. 0073955)
Trial Attorneys for Plaintiff
Freking Myers & Reul LLC
600 Vine Street, Ninth Floor
Cincinnati, Ohio 45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*kmyers@fmr.law*
*jallison@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/