**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CASE NO. 2:22-CV-00026-DLB-CJS**

**MARIO KIRKENDALL**                                                    **PLAINTIFF**

**v.**

**BOONE COUNTY BOARD OF EDUCATION**                              **DEFENDANT**

---

**ANSWER OF DEFENDANT, BOONE COUNTY BOARD OF EDUCATION**

---

The Defendant, Boone County Board of Education, by and through counsel and for its Answer to the Complaint, states as follows:

1.      Defendant lacks sufficient knowledge with which to admit or deny the averment contained in Paragraph 1 and therefore denies same.

2.      Defendant admits the averment contained in Paragraph 2.

3.      Defendant admits the averment contained in Paragraph 3 of the Complaint.

4.      Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 4 and therefore denies same.

5.      Defendant admits the averment contained in Paragraph 5 of the Complaint.

6.      Defendant lacks sufficient knowledge with which to admit or deny the averments in Paragraph 6 of the Complaint and therefore denies same.

7.      Defendant lacks sufficient knowledge with which to admit or deny the averments contained in Paragraph 7 of the Complaint and therefore denies same.

8.      Defendant admits the averment contained in Paragraph 8 of the Complaint.

9.      Defendant admits the averments contained in Paragraph 9 of the Complaint.

10.      Defendant admits the averments contained in Paragraph 10 of the Complaint.

11.     Defendant denies the averments contained in Paragraph 11 of the Complaint and affirmatively asserts that Plaintiff's job duties were defined in the written contract signed by Plaintiff.

12.     Defendant denies the averment contained in Paragraph 12 of the Complaint.

13.     Defendant admits so much of the averment in Paragraph 13 of the Complaint that Plaintiff requested and obtained leave under the Family and Medical Leave Act. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint because Defendant lacks sufficient knowledge with which to admit or deny said allegations.

14.     Defendant lacks sufficient knowledge with which to admit or deny the averment contained in Paragraph 14 and therefore denies same.

15.     Defendant lacks sufficient knowledge with which to admit or deny the averment contained in Paragraph 15 of the Complaint and therefore denies same.

16.     Defendant denies the averment contained in Paragraph 16 of the Complaint.

17.     Defendant denies the averments contained in Paragraph 17 of the Complaint.

18.     Defendant denies the averments contained in Paragraph 18 of the Complaint.

19.     Defendant denies the averments contained in Paragraph 19 of the Complaint.

20.     Defendant lacks sufficient knowledge with which to admit or deny the averment contained in Paragraph 20 to the extent that said averment lacks relevancy and materiality to the claims in this Complaint and, therefore, Defendant denies same.

21.     Defendant denies the averments contained in Paragraph 21 of the Complaint.

22.     Defendant admits the averment contained in Paragraph 22 to the extent that it avers Plaintiff's Complaint. Defendant denies that Plaintiff's Complaint had or has any merit.

23.    Defendant denies the averment contained in Paragraph 23 of the Complaint.

24.    Defendant denies the averment contained in Paragraph 24 of the Complaint to the extent that it infers or states that Defendant engaged in any wrongful conduct or intentional or unintentional discrimination.

25.    Defendant specifically denies the averments contained in Count I, Paragraphs 25 through 30, of the Complaint.

26.    Defendant specifically denies the averments contained in Count II, Paragraphs 31 through 36, of the Complaint.

27.    Defendant specifically denies the averments contained in Count III of the Complaint, Paragraphs 37 through 42 of the Complaint.

28.    Defendant specifically denies the averments contained in Count IV of the Complaint, Paragraphs 43 through 47 of the Complaint.

29.    Defendant specifically denies the averments contained in Count V, Paragraphs 48 through 52, of the Complaint.

30.    Defendant specifically denies the averments contained in County VI of the Complaint, Paragraphs 53 through 57 of the Complaint.

**FIRST DEFENSE**

1.    The Complaint fails to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**

2.    Legitimate nondiscriminatory and nonretaliatory reasons existed for any and all actions and decisions undertaken by Defendant with respect to the terms, conditions and

privileges of Plaintiff's employment as a non-tenured, limited contract teacher with the Boone County Public School District.

## THIRD DEFENSE

3.      Defendant asserts all affirmative defenses available under state and federal civil rights laws; Title VII; KRS 344.040 and KRS 344.280; as well as all affirmative defenses available to public employers under the Family Medical Leave Act.

## FOURTH DEFENSE

4.      Defendant affirmatively asserts all available defenses to Plaintiff's state law claims available to it under Kentucky statutory law as well as Kentucky common law.

## FIFTH DEFENSE

5.      At all times referred to in the Complaint, the Defendant and its administrators' decision makers exercised their official duties upon reasonable belief as to the necessity thereof, in good faith and without any intent to discriminate or retaliate against Plaintiff or anyone else on the basis of race, disability, and/or use of FMLA.

## SIXTH DEFENSE

6.      Plaintiff's damages, if any, are due to his own acts or omissions or are the result of acts or omissions of third parties over whom Defendant has no responsibility or control.

## SEVENTH DEFENSE

7.      Plaintiff has failed to mitigate his damages.

## EIGHTH DEFENSE

8.      At all times referenced in the Complaint, Defendant's actions were in all respects reasonable, proper, justified, legal and without wrongful intent, impact, or effect.

**NINTH DEFENSE**

9.     Plaintiff has estopped and/or has waived his right to assert some or all of the claims set forth in the Complaint.

**TENTH DEFENSE**

10.     Defendant is immune from suit and from the claims asserted herein and from liability sought to be imposed by Plaintiff in this Complaint.

**ELEVENTH DEFENSE**

11.     Boone County School District is entitled to sovereign and governmental immunity from suit from the claims asserted herein and from the liability sought to be imposed by Plaintiff in this Complaint.

**TWELFTH DEFENSE**

12.     Plaintiff was not a tenured teacher and was afforded all proper due process to which he was entitled under KRS 161.790.

**THIRTEENTH DEFENSE**

13.     Plaintiff's breach of contract claim is barred by operation of law pursuant to KRS 161.790.

**FOURTEENTH DEFENSE**

14.     Defendant reserves on any and all additional affirmative defenses which may become apparent during the course of discovery in this matter.

WHEREFORE, having fully answered, Defendant, Boone County Board of Education, demands that the Complaint be dismissed with prejudice at the cost of Plaintiff; for award of attorneys' fees incurred in defending the action; and for any and all other relief to which they may appear to be entitled.

Respectfully submitted,


**/s/ Mary Ann Stewart**
Mary Ann Stewart, Esq. (#82754)
Olivia F. Amlung, Esq. (#97449)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200
mstewart@adamsattorneys.com
oamlung@adamsattorneys.com

*Attorneys for Defendant, Boone County Board of Education*

## CERTIFICATE OF SERVICE

This is to certify that on this **8th** day of June, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**/s/ Mary Ann Stewart**
Mary Ann Stewart, Esq.