# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| MARIO KIRKENDALL | : | Case No. 2:22-CV-00026-DLB-CJS |
| | : | |
| Plaintiff, | : | Judge David L Bunning |
| | : | Magistrate Candace J Smith |
| | : | |
| v. | : | |
| | : | **RULE 26(f) REPORT** |
| BOONE COUNTY BOARD OF EDUCATION | : | **OF THE PARTIES** |
| | : | |
| | : | |
| Defendant. | : | |

1. Pursuant to Fed. R. Civ. P. 26(f), the following parties communicated via email from June 20, 2022 to June 24, 2022:

   Jon B. Allison, counsel for Plaintiff Mario Kirkendall, and

   Mary Ann Stewart, counsel for Defendant Boone County Board of Education, and

   Olivia F. Amlung, counsel for Defendant Boone County Board of Education

2. The parties:

   \_\_\_ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

   _x_ will exchange such disclosures by **August 19, 2022**.

   \_\_\_ are exempt from such disclosures under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

   \_\_\_ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

   \_\_ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

   \_\_\_ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the

    event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings: **September 25, 2022.**

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: **September 25, 2022.**

6. Recommended discovery plan:

    a. Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for dispositive motions, and (iii) prepare for trial:

    **Discovery will need to be conducted on the facts underlying Plaintiff's claims and his alleged damages and Defendant's defenses. Such discovery will include producing documents, answering interrogatories, and completing depositions of Plaintiff, the decisionmaker(s), and other potential expert and non-expert witnesses.**

    b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

    **No changes needed.**

    c. Additional recommended limitations on discovery:

    **None.**

    d. Recommended date for the disclosure of lay witnesses:

    **March 26, 2023.**

    e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

    **The parties have not yet determined what, if any, expert testimony is expected in this case.**

   f.   Recommended date for disclosure and report of Plaintiff's experts:

**January 26, 2023.**

   g.   Recommended date for disclosure and report of Defendant's experts:

**February 25, 2023.**

   h.   Recommended date for disclosure and report of rebuttal experts:

**March 26, 2023.**

   i.   Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

     __X__ Yes
     _____ No

      i.   The parties have electronically stored information in the following formats:

**It is anticipated that the parties will have electronically stored information in the form of emails, .pdf documents, and documents in Microsoft Word or other word processing programs.**

      ii.   The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

**The parties agree that any ESI may be produced in either hard copy or .pdf format, as long as the format is reasonably legible. The parties agree that ESI and other documents will be manually self-collected by the document custodians at the direction and oversight of counsel. The parties do not anticipate the need to produce or preserve metadata. After the initial production in hard copy or .pdf is complete, a party desiring ESI in native file format must demonstrate a need consistent with Fed. R. Civ. P. 26(b) for such production. If ESI is demonstrated by the producing party to be not reasonably accessible, the parties will work together to evaluate alternative means of production. The parties also anticipate that it will not be necessary to access inactive data stores, including, but not limited to, back-up tapes. If a party believes that such access has become necessary and the information is not obtainable elsewhere in a reasonably legible format the requesting party shall first attempt to informally resolve the matter with the producing party.**

    **Should that effort fail, the requesting party may seek permission from the Court to access such information by showing good cause as defined by the Federal Rules of Civil Procedure and relevant case law.**

    j. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    X   Yes
    ___   No

        i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

**All documents that are protected by attorney-client privilege and/or work product doctrine shall be governed by Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502. In the event a privilege log is necessary, the log shall set forth the date of the document, the names of the sender and recipient (if applicable), and the privilege asserted. Such log(s) will be provided to the opposing party at or near the time of production. The parties will attempt to resolve any disagreements as to the designation of any particular document as privileged, and if unable to do so, will provide the documents at issue to the Court for an in camera review and ruling.**

**The Parties request that the Court include the following language in its Initial Case Management Order: "Pursuant to Fed. R. Evid. 502(d), no inadvertent disclosure connected to this litigation shall act as a waiver in any proceeding of any otherwise applicable privilege or protection unless so ordered by this Court."**

        ii. Have the parties agreed on a procedure to assert such claims **AFTER** production?

    _X_   Yes
    ___   No
    ___   Yes, and the parties ask that the Court include their agreement in an order.

7. Recommended discovery cut-off date: **April 26, 2023.**

8. Recommended dispositive motion date: **May 26, 2023.**

9. The parties estimate trial will last 5 days.

10. The parties are amendable to Alternative Dispute Resolution.

11. Has a settlement demand been made? **YES** A response? _____

   Date by which a settlement demand can be made: _____

   Date by which a response can be made: _____

12. Other matters pertinent to the scheduling or management of this litigation:

   **None.**


Respectfully submitted,

| /s/ *Jon B. Allison* | /s/ *Mary Ann Stewart (via email authorization)* |
|---|---|
| Kelly Mulloy Meyers (KY Bar #83452) | Mary Ann Stewart (#82754) |
| Jon B. Allison  *Pro Hac Vice* | Olivia F. Amlung (#97449) |
| FREKING MYERS & REUL LLC | ADAMS LAW, PLLC |
| 600 Vine Street, 9th Floor | 40 West Pike Street |
| Cincinnati, OH 45202 | Covington, KY 41011 |
| Telephone: (513) 721-1975 | Telephone: (859) 394-6200 |
| Facsimile:  (513) 651-2570 | Facsimile:  (859) 392-7200 |
| *kmyers@fmr.law* | *mstewart@adamsattorneys.com* |
| *jallison@fmr.law* | *oamlung@adamsattorneys.com* |
| | |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I certify that on June 23, 2022, the foregoing was filed electronically via the Court's authorized electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Jon B. Allison*